# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAYLA WATERS
1536 Pine Street 3R
Philadelphia, PA 19102,

    Plaintiff,

v.

MDRB CORPORATION
14612 Stratfield Cir.
Laurel, MD 20707,

    Defendant.

Case No.: _____

## CERTIFICATION OF DEEPAK BHATNAGAR

I, Deepak Bhatnagar, certify the following as true and correct:

1. I am over eighteen years of age, am competent to make this affidavit, am authorized to do so, and have knowledge of the statements made herein.

2. I am the founder, president, and owner, jointly with my wife, of MDRB Corporation ("MDRB"), a corporation incorporated and existing under the laws of the State of Maryland; MDRB is qualified to do business in Maryland, and it pays income and franchise taxes there. Since April 12, 2004, MDRB's principal place of business has been at 14612 Stratfield Circle, Laurel, Maryland 20707. From that location, I conduct all aspects of MDRB's business, including managing MDRB's accounts, dealing with mortgage holders of MDRB's property, procuring insurance for the company, completing various tax forms and filings, maintaining corporate records, and attending to other corporate matters. No corporate authority for MDRB resides outside of the State of Maryland. MDRB is not and never has been a corporation

incorporated under the laws of the District of Columbia. Since April 12, 2004, MDRB has had no office in the District of Columbia, and, since that date, it has conducted no operations there.

3. From July 9, 1998 until April 12, 2004, MDRB both owned and operated a hotel located at 1600 New York Ave., N.E., Washington, D.C. and known during that time—but not thereafter—as the "Ramada Limited." Since April 12, 2004, MDRB has leased the real property located at that address to PSM LLC, which has itself operated a hotel there known as the "President Inn." That lease with PSM LLC is a "triple-net" type through which the lessee bears full responsibility for all operations of the property, including the responsibility to pay for the operating expenses thereof (taxes, licenses, utilities, maintenance, insurance, etc.). PSM LLC's lease payments reduce an already agreed-upon purchase price for the property, and, in 2007, a balloon payment for the remaining balance of that purchase price becomes due. MDRB has or never has had any affiliation with or ownership interest in PSM LLC, nor have I.

4. As a result of that lease agreement with PSM LLC, MDRB has operated, since April 12, 2004, only in the State of Maryland. Since that date, MDRB has had no business operations in the District of Columbia, nor has it had any employees in the District. More specifically, MDRB has had no involvement with the operations of PSM LLC or the President Inn, nor have I.

5. I have never been a Registered Agent for MDRB in the District of Columbia or elsewhere (however, on November 15, 2005, I applied to become, for the first time, MDRB's registered agent in the State of Maryland, and I understand that application is pending as of this date, December 6, 2005).

6. MDRB first became aware of this instant *Waters* suit as a result of MDRB's lessee PSM LLC hand-delivering to me—on November 28, 2005—a copy of an October 20, 2005 letter from plaintiff's counsel Richard E. Jordan, Esq. That letter, attached hereto as "Exhibit 2A," was addressed to me as MDRB's "Registered Agent" (which, again, I have never been) and was sent to the address of the President Inn, at 1600 New York Ave., N.E., Washington, D.C. Not since April 12, 2004 have I regularly received mail at that address, nor has MDRB.

7. Plaintiff's October 20, 2005 "Motion For Enlargement Of Time To File Proof Of Service" filed with the Superior Court for the District of Columbia (found within Exhibit 2A) asserts that plaintiff had initially attempted to effect service by sending process "by registered mail, return receipt requested" but that she was thereby unable "to secure service within 60 days of the issuance of Process." Apparently on the same day that that Motion was filed, Mr. Jordan sent the above-referenced October 20, 2005 letter addressed to me at the New York Avenue address of PSM LLC's current President Inn hotel operations. However, independent of what was contained in that October 20, 2005 letter—which, again, I first learn of and received on November 28, 2005—I have no knowledge regarding plaintiff's asserted initial attempt to effect service by sending process "by registered mail, return receipt requested."

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 6, 2005.

_____
Deepak Bhatnagar

# EXHIBIT 2

**HAMILTON AND HAMILTON, LLP**

Attorneys at Law

1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532

(202) 463-8282
Facsimile (202) 463-7282
WWW.HAMILTONLAW.COM

RICHARD E. JORDAN
Member of Maryland, Virginia
and District of Columbia Bars

Direct Email: rej@hamiltonlaw.com
Direct Phone: (202) 463-7281

Suite 204
401 East Jefferson Street
Rockville, Maryland 20850

Suite 201
400 North Columbus Street
Alexandria, Virginia 22314

October 20, 2005

**BY CERTIFIED MAIL RRC**
**and FIRST CLASS MAIL**

Deepak Bhatnagar, Registered Agent
MDRB Corporation
1600 New York Avenue, N.E.
Washington, D.C. 20002

Re:   **Layla Waters v. MDRB Corporation**
      **Superior Court for the District of Columbia**
      **Case No. 050006673**

Dear Mr. Bhatnagar:

We are serving you with the enclosed Complaint and related documents as registered agent for MDRB Corporation. Please forward these documents to the appropriate party so a timely response can be filed for your principle.

Also enclosed is a Notice and Acknowledgment along with a return envelope, postage prepaid, addressed to the undersigned. Under Superior Court Rule 4c(4) you are being sent that form by certified mail and, separately, by first class mail. We request, that pursuant to that Rule, you sign the Notice and Acknowledgment and return it to the undersigned within twenty (20) days of its mailing. Failure to return this form as requested will cause the court to order the payment by MDRB Corporation of the costs incurred by the Plaintiff and securing an alternative method of service of process.

Thank you for your cooperation in this matter.

Very truly yours,

Richard E. Jordan

REJ:rlm
Enclosures



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAYLA WATERS
Vs.
MDRB CORPORATION

C.A. No.   2005 CA 006673 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future fil: in this case shall bear the calendar number and the judge's name beneath the case number in the caption filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along wit original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such pro service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unles time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defer must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant whc failed to respond, a default and judgment will be entered unless the time to respond has been extende provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement to establish a schedule for the completion of all proceedings, including, normally, either mediation, evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignr Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the succeeding Fridays. Request must be made not less than six business days before the scheduling conference d No other continuance of the conference will be granted except upon motion for good cause shown.

August 22, 2005                                               Chief Judge Rufus G. King, I:
Case Assigned to: Judge RUSSELL F CANAN

Initial Conference: 9:30 am, Friday, December 09, 2005
Location:   Courtroom 518
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

LAYLA WATERS

*Plaintiff*

vs.

MDRB CORP. c/o Deepak Bhatnagar

*Defendant*

05-0006673

Civil Action No.

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Richard E. Jordan
Name of Plaintiff's Attorney

1900 M St., NW; Suite 410
Address

Washington, DC 20036

202-463-8282
Telephone

By _____
Deputy Clerk

Date August 22, 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 78

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

LAYLA WATERS

*Plaintiff*

vs.

MDRB CORPORATION c/o Albert Cecccone

*Defendant*

Civil Action No. 05-0005_

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Richard E. Jordan
Name of Plaintiff's Attorney

1900 M St., NW; Suite 410
Address

Washington, DC 20036

202-463-8282
Telephone

By _____
Deputy Clerk

Date August 22, 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-454/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| LAYLA WATERS<br>1536 Pine Street 3R<br>Philadelphia, PA 19102<br><br>    Plaintiff<br>  v.<br><br>MDRB CORPORATION<br>1600 New York Avenue, NE<br>Washington, DC 20002<br><br>SERVE:<br>  Albert Ceccone, Registered Agent<br>  4505 Harrison St., N.W.<br>  Washington, DC 20015<br><br>    Defendant | Civil Action No. _____<br><br>RECEIVED<br>CIVIL CLERK'S OFFICE<br>AUG 2 2 2005<br>SUPERIOR COURT<br>OF THE DISTRICT OF COLUMBIA<br>WASHINGTON, DC |

### COMPLAINT

1. This Court has jurisdiction over this matter pursuant to D.C. Code section 11-921.

2. Plaintiff Layla Waters is an adult citizen and a resident of the Commonwealth of Pennsylvania.

3. Defendant MDRB Corporation, upon information and belief, is a Maryland Corporation which at all times pertinent hereto was authorized to do business in the District of Columbia.

4. At all times pertinent hereto, Defendant owned, operated, managed and/or licensed a Ramada Inn hotel at 1600 New York Avenue, N.E., Washington, DC (hereinafter "Ramada").

5. On or about August 25, 2002, plaintiff was a guest at the Ramada and arrived at the hotel by automobile.

6. Upon arrival, plaintiff was a passenger in a vehicle which required access to the Ramada's parking garage. Such access was prevented by a large, iron gate that was partially closed.

7. Plaintiff then exited the automobile and opened the gate, placing it into its holding cradle so it would remain open.

8. As plaintiff was returning to her vehicle, the gate, without any application of force by plaintiff or any other persons, came out of its cradle and violently struck plaintiff about her head and body.

9. The gate at issue was under the control of and maintained by defendant.

10. Defendant then had a duty to exercise special and ordinary care for the safety and well being of plaintiff, other hotel guests and members of the public.

11. The aforementioned occurrence happened as a proximate result of defendant's negligence. Defendant was negligent, *inter alia*, in allowing a defective and dangerous gate to continue in service on its premises, in failing to maintain and repair the gate; in failing to provide a method of securing the gate so it would not move on its own and injure others, in failing to warn plaintiff and others of the dangerous condition of the gate; and in failing to exercise proper care under the circumstances.

12. As a proximate result of the occurrence caused by defendant's negligence, and through no fault on the part of plaintiff, plaintiff was injured on and about her face, head, back, neck, limbs and body, has incurred and will in the future incur mental anguish, pain and suffering, has incurred chronic physical and emotional injury, has incurred and will incur medical and other expenses, has lost wages, and has been and will be otherwise injured and damaged.

WHEREFORE, plaintiff Layla Waters demands judgment against defendant MDRB Corporation in the amount of $100,000, plus interest, costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Richard E. Jordan*

Richard E. Jordan, Bar No. 353763
Hamilton and Hamilton, LLP
1900 M Street, NW; Suite 410
Washington, D.C. 20006-4605
(202) 463-8282
Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable herein.

*Richard E. Jordan*

Richard E. Jordan

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LAYLA WATERS<br>1536 Pine Street 3R<br>Philadelphia, PA 19102<br><br>　　　　　　Plaintiff<br>　　v.<br><br>MDRB CORPORATION<br>1600 New York Avenue, NE<br>Washington, DC 20002<br><br>SERVE:<br>　　Deepak Bhatnagar<br>　　MDRB Corporation<br>　　1600 New York Avenue, N.E.<br>　　Washington, DC 20002<br><br>　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2005 CA 006673<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

TO:

Deepak Bhatnagar
MDRB Corporation
1600 New York Avenue, N.E.
Washington, DC 20002

　　The enclosed Summons and Complaint are served pursuant to Rule 4(c)(2)(C)(i) of the Superior Court Rules of Civil Procedure. Also enclosed is the Court's Initial Order (Initial Conference date of December 9, 2005). Upon receipt of these documents, you must promptly complete the acknowledgment part of this form and return one copy of the completed form to the attorney for plaintiff within twenty (20) days (pre-addressed, postage paid envelope enclosed). You must sign and date the Acknowledgment below.

　　If you are served on behalf of a corporation, unincorporated association (including a partnership) or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

　　If you do not complete and return the form to the attorney for plaintiff within twenty (20) days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a Summons and Complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the Complaint within twenty (20) days of receipt of the Complaint. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

## CERTIFICATE OF SERVICE

I declare, under the penalties of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint (along with a copy of the Court's Initial Order) was sent on the 23rd day of August, 2005 by first class mail and certified mail (return receipt requested), postage prepaid, to:

Deepak Bhatnagar
MDRB Corporation
1600 New York Avenue, N.E.
Washington, DC 20002

*/s/ Richard E. Jordan*
Richard E. Jordan, DC Bar No. 353763
Hamilton and Hamilton, LLP
1900 M Street, NW; Suite 410
Washington, D.C. 20036-3532
(202) 463-8282
Fax (202) 463-7282

Attorney for Plaintiff

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I received on the date noted below a copy of the Summons and Complaint (along with a copy of the Court's Initial Order) in the above-captioned matter at _____, _____.
[insert address].

_____
Date

_____
Signature

_____
Name (printed)

_____
Relationship to entity/authority
to receive service of process

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LAYLA WATERS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 2005CA6673 B |
| ) | |
| MDRB CORPORATION ) | |
| ) | |
| Defendant ) | |

## PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE PROOF OF SERVICE

Plaintiff, by and through counsel, pursuant to S.C.R. 6 (b), respectfully requests that the court extend the time by which proof of service must be filed in this case, and as reasons therefor, states as follows:

1. Plaintiff filed a Complaint on August 22, 2005, at which time the court issued its Initial Order requiring that plaintiff file proof of service on defendant within sixty (60) days.

2. Plaintiff has sent process to defendant's registered agent by registered mail, return receipt requested, however, the return receipt has not yet been returned to plaintiff's counsel.

3. Plaintiff will not be able to secure service within 60 days of the issuance of Process.

4. The 60-day period ordered by the court for filing proof of service has not yet expired as of the filing of this motion. Accordingly, the instant motion has been filed with the court before the expiration of the period for filing proof of service, and the court, therefore, has the discretion merely for "cause shown" under S.C.R. 6(b) to grant this motion.

5. Because plaintiff has not yet served process on the defendant, its consent to this motion was not sought.

6. Plaintiff believes service of process can be secured in time to maintain the current Initial Conference on December 9, 2005

7. Plaintiff submits it is in the interest of fairness and judicial economy to grant this motion in order to allow the plaintiff to serve defendant.

WHEREFORE, plaintiff respectfully requests that the court grant an additional 60 days within which to file the return of service as to the defendant, and that the court grant such other and further relief as it may deem just and proper.

Respectfully submitted,

Richard E. Jordan, Bar No. 353763
Hamilton and Hamilton, LLP
1900 M Street, NW
Suite 410
Washington, D.C. 20036
(202) 463-8282
Counsel for Plaintiff

## POINTS AND AUTHORITIES

S.C.R. 6 (b)

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2005, a copy of the foregoing was sent by first class mail, postage prepaid, to Albert Ceccone, 4505 Harrison Street, NW, Washington, D.C. 20015, Registered Agent for Defendant

Richard E. Jordan