**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAYLA WATERS ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. 05-2344 HHK |
| ) | |
| MDRB CORPORATION ) | |
| ) | |
| Defendant ) | |

### JOINT LOCAL CIV. R. 16.3 REPORT OF THE PARTIES

STATEMENT OF THE CASE

This case was originally filed in the Superior Court for the District of Columbia and removed therefrom by the defendant based on diversity of citizenship. This is a personal injury negligence action arising from on incident on August 25, 2002 at the Ramada Inn hotel at 1600 New York Avenue, N.E., Washington, DC. At that time and place, the plaintiff alleges she was struck by a heavy gate that became dislodged on its own from its holding cradle and struck her in the face causing serious injuries and scarring. The defendant denies liability.

LOCAL CIVIL RULE 16.3(C) REPORT

In accordance with Local Civil Rule 16.3(c), the counsel for the parties have conferred with each other in person on July 18, 2006 and make the following joint report in this matter:

The following information is provided consistent with Local Civil Rule 16.3(c):

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The parties do not at this time believe that this case is likely to be resolved by dispositive motion.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**The parties do not anticipate joining other parties or amending the pleadings. If there is a need to join other parties or amend pleadings, the parties will do so within 60 days of the report. The parties will try to narrow the factual and legal issues.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**The parties consent to the assignment of this case to a magistrate judge for all purposes, including trial.**

(4) Whether there is a realistic possibility of settling the case.

**Counsel believe there is a realistic possibility of settlement.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**The parties believe mediation could help resolve this case if they are unable to reach a settlement on their own. If a settlement is not reached within 60 days, initiation of ADR procedures would then be appropriate.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**The parties do not anticipate filing dispositive motions and no dispositive motions are pending. The parties agree, however, that dispositive motions, if any, should be filed no later than 45 days following the close of discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 30 days after filing of oppositions.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties stipulate to dispense with initial disclosures as required under Fed. R. Civ. P. 26(a)(1), as voluntary exchanges of information have occurred.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**The parties anticipate standard written discovery and three to four depositions. Especially because several witnesses are from out of town, the parties suggest that discovery shall be completed by December 15, 2006, followed by the motion schedule proposed in ¶ 6. At this time, the parties do not believe any other limits need to be placed on discovery or that there is any need for a protective order.**

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

>**The Parties may use experts and will make disclosures pursuant to Rule 26(a)(2), F.R.Civ.P.**

(10) In class actions, appropriate procedures . . .

>**Not applicable.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

>**The Parties do not anticipate the need for a bifurcated trial or managing this case in stages.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

>**The parties propose that the date for the pretrial conference be set following the close of discovery and resolution of any dispositive motions. The parties request that the pretrial conference be set after January 1, 2007.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

>**The parties propose to set a trial date at the pretrial conference.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

>**The parties are not aware of any additional matters that require inclusion in the scheduling order.**

Respectfully submitted,

| | |
|---|---|
| /s/ | /s/ |
| Richard E. Jordan, DC Bar #353763 | William Robinson DC Bar #457615 |
| Hamilton & Hamilton, LLP | Wright, Robinson, Osthimer & Tatum |
| 1900 M Street, N.W., Ste 410 | 5335 Wisconsin Avenue, NW; Ste 920 |
| Washington, DC 20036-3532 | Washington, DC 20015-2030 |
| (202) 463-8282 | (202) 244-4668 |
| (202) 463-7282 (fax) | (202) 244-5135 (fax) |
| Counsel for Plaintiff | Counsel for Defendant |